```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF PUERTO RICO

MARIA VENEGAS, et al.,

     Plaintiffs,
                                    Civil No. 01-1215 (JAF)
     v.

PEER INTERNATIONAL CORP.,
et al.,

     Defendants.
```

**O R D E R**

Before the court is Defendant Latin American Music Co., Inc.'s ("LAMCO") request that this court reconsider its June 28, 2006, decision that Plaintiffs María Venegas-Hernández, Rafael Venegas-Hernández, Yeramar Venegas-Velázquez and Guillermo Venegas-Lloveras, filed a timely motion for attorneys' fees against them. Docket Document No. 175.

This attorneys' fees dispute began when this court entered a judgment in Plaintiffs' copyright case against LAMCO on May 19, 2004, in which we ordered LAMCO to pay Plaintiffs $16,363.47 in damages. Docket Document No. 121. The decision was appealed and affirmed by the First Circuit on September 16, 2005, with one qualification: The court ordered us to amend our judgment to reflect that Plaintiffs and LAMCO each own a 50 percent share of songs written by Guillermo Venegas-Lloveras that have entered their renewal term after the composer's death pursuant to 17 U.S.C. § 304(a)(1)(C). Docket

Civil No. 01-1215 (JAF)                                                      -2-

1    Document Nos. 154, 155.  We entered an amended judgment reflecting
2    the change on January 12, 2006.  Docket Document No. 157.
3    Plaintiffs moved for $76,932 in attorneys' fees against LAMCO on
4    January 20, 2006.  Docket Document No. 158.  LAMCO opposed
5    Plaintiffs' motion for attorneys' fees on January 26, 2006, arguing
6    that it was time-barred.  Docket Document No. 159.  Plaintiffs
7    replied on January 27, 2006.  Docket Document No. 161.  LAMCO sur-
8    replied on February 10, 2006.  Docket Document No. 166.

9         On June 28, 2006, we ruled Plaintiffs' motion for attorneys'
10   fees to be timely, Unnumbered Docket Entry, Located Between Docket
11   Document Nos. 172 & 173, and on July 12, 2006, LAMCO moved this court
12   to reconsider.  Docket Document No. 175.

13        "Motions for reconsideration are entertained by courts if they
14   seek to correct manifest errors of law or fact, present newly-
15   discovered evidence, or when there is an intervening change in the
16   law."  Standard Química de Venezuela v. Central Hispano Int'l, Inc.,
17   189 F.R.D. 202, 205 (D.P.R. 1999) (citing Jorge Rivera Surillo & Co.
18   v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)).
19   LAMCO has pointed out a manifest error of law in our June 28, 2006,
20   decision that Plaintiffs' motion for attorneys' fees was timely, and
21   we hereby reverse that judgment to correct our error.  The motion was
22   untimely.

23        This court's Local Rule 54(a) states that an application for
24   fees in cases where, as here, a notice of appeal has been filed

Civil No. 01-1215 (JAF)                                               -3-

"shall be filed within thirty (30) days of the disposition of the appeal." Local Rule 54(a)(2004). To determine whether Plaintiffs' motion for attorneys' fees is timely, then, the necessary starting point is to determine what date marks "the disposition of the appeal" in this case. LAMCO argues that it is September 22, 2005 – the date of the First Circuit's decision ordering this court to amend its judgment to show that Plaintiffs and LAMCO each own a 50 percent share of songs written by Guillermo Venegas Lloveras that have entered their renewal term after the composer's death. Docket Document No. 166. Plaintiffs, who did not file their attorneys' fees motion within thirty days of the First Circuit's decision, predictably argue that the disposition of the appeal did not take place until January 12, 2005, when this court followed the First Circuit's instructions and entered the amended judgment. Docket Document No. 161-1.

LAMCO's argument that the First Circuit's September 22, 2005, judgment disposed of the appeal for the purposes of Local Rule 54(a)'s thirty-day statute of limitations is the correct one.[1] One

---

[1] LAMCO argues that this court's decision in Seijo v. Fajardo, 2005 U.S. Dist. LEXIS 35183 (D.P.R. Aug. 26, 2005), supports their position, but this is not why we rule in their favor. The Seijo court held that the First Circuit disposed of an appeal, thereby triggering Local Rule 54(a)'s thirty-day statute of limitations the day it affirmed the lower court's ruling. We find that the Seijo court's definition of "disposition of an appeal" in the easy context of a case-ending First Circuit affirmance sheds little light on the present controversy, where the parties are debating the effect of a First Circuit decision requiring further action by the lower court.

Civil No. 01-1215 (JAF)                                                -4-

of the driving policies behind Local Rule 54(a) is to assure that parties notify their adversaries as expeditiously as possible that they intend to request attorneys' fees. See Romaguera v. Gegenheimer, 162 F.3d 893 (5th Cir. 1998) (explaining that this is the policy rationale behind Local Rule 54(a)'s federal counterpart, Rule 54(d)(2) of the Federal Rules of Civil Procedure).  This being the interest served by Local Rule 54(a), we hold that the thirty-day statute of limitations for an attorneys' fees motion began to tick when the First Circuit issued its September 22, 2005, judgment, which is when Plaintiffs learned what the definitive resolution of this case would be – the First Circuit's instructions to this court explained exactly how we were to amend the judgment and left no room for discretion. Docket Document No. 154.  Given that they knew the full extent of their lawsuit's successes and failures as of September 22, 2005, Plaintiffs should have apprised LAMCO of their intent to move for attorneys' fees within thirty days of that date. Plaintiffs alternatively argue that we have the discretion to treat their motion for attorneys' fees as timely pursuant to Garcia-Goyco v. Law Environmental Consultants, Inc. even if, as we have found, it is technically late.  428 F.3d 14 (1st Cir. 2003).  In Garcia-Goyco, the defendant timely filed a first motion for attorneys' fees after the district court entered summary judgment in its favor.[2]  Id. at 17.

---

[2]The Goyco-Garcia court's ruling was issued in the context of Local Rule 332, which was subsequently renumbered as Local Rule 54(a).  For ease of discussion, we shall refer to Local Rule 332 as

The district court, noting that the attorneys' fees motion was not properly supported with affidavits establishing the reasonableness of the requested rate for attorneys' fees, dismissed the motion nine months later "without prejudice of being resubmitted with satisfactory evidence." Id. The defendant filed a corrected motion for attorneys' fees shortly thereafter which was, of course, more than forty-five days after the original grant of summary judgment. Id. The plaintiff raised a timeliness challenge. Id. Noting that the defendant's original attorneys' fees motion had been timely filed, and noting that the district court had "explicitly cabined its dismissal order" of that first petition to permit defendant to re-file its request for attorneys' fees, the First Circuit stated that it "generally will not disturb the district court's departure from its local rules so long as there is sound reason for the departure and no party's substantial rights have been unfairly jeopardized." Id. at 19-20.

The facts of the present case, where Plaintiffs' late motion for attorneys' fees was not justified by an earlier district court order suggesting that it would be acceptable, are much less compelling than the circumstances under which the Goyco-Garcia court endorsed a district court's departure from Local Rule 54(a). Plaintiffs in the present case have simply filed their motion late, as discussed above.

---

Local Rule 54(a) during our application of Goyco-Garcia's holding to the present case.

Civil No. 01-1215 (JAF)                                                     -6-

Granting Plaintiffs' request to depart from Local Rule 54(a) under such ordinary circumstances would depreciate LAMCO's right to prompt notice of its opponent's intent to seek attorneys' fees, and we accordingly refuse to consider Plaintiffs' untimely request to recover attorneys' fees from LAMCO in this case.

We **GRANT** LAMCO's motion for reconsideration, and **DISMISS** Plaintiffs' motion for attorneys' fees as untimely. Docket Document No. 175. The parties shall bear whatever costs they incurred in litigating this dispute.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 13th day of October, 2006.

                              S/José Antonio Fusté
                              JOSE ANTONIO FUSTE
                              Chief U. S. District Judge